**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CARL JORDAN** | **CIVIL ACTION** |
| **VERSUS** | **NO.  14-2036** |
| **WARDEN JEFF WINDHAM** | **SECTION "H"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

I.      **Factual and Procedural Background**

The petitioner, Carl Jordan ("Jordan"), is a convicted inmate currently incarcerated in the Franklin Parish Detention Center in Winnsboro, Louisiana.[2]  On January 24, 2013, Jordan and a co-defendant, Romalace James, were charged by Bill of Information in Orleans Parish with the possession with intent to distribute heroin.[3]  James was charged in two other counts as a felon in

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. Nos. 4, 15.

[3]St. Rec. Vol. 1 of 2, Bill of Information, 1/24/13.

possession of weapon and possession of Tramadol.  Jordan and James both entered pleas of not

guilty to their respective charges on January 30, 2013.[4]

After further pretrial proceedings, on May 1, 2013, Jordan and James each entered into plea

agreements with the State, resulting in both defendants entering guilty pleas and waiver of legal

delays for sentencing.  Jordan's guilty plea was entered pursuant to *North Carolina v. Alford*, 400

U.S. 25 (1970).[5]  The state trial court sentenced James to concurrent sentences of ten (10) years in

prison as a felon in possession of a weapon, ten (10) years for the reduced charge of possession of

heroin, and five years in prison for possession of Tramadol.[6]  The Trial Court also sentenced Jordan

to serve seven and one-half (7½) years in prison on the reduced charge of possession of heroin.[7]  In

accordance with the agreement, Jordan also entered a guilty plea to the multiple offender bill, and

was resentenced by the Trial Court as a second offender to serve seven and one-half (7½) years in

prison.[8]

Jordan's conviction and sentence became final thirty (30) days later, on May 31, 2013,

because he did not seek reconsideration of the sentence or file an appeal.  La. Code Crim. P. art.

---

[4]St. Rec. Vol. 1 of 2, Minute Entry, 1/30/13.

[5]Under *Alford*, a criminal defendant can enter and a court can accept a plea of guilty in spite of the defendant's insistence that he is innocent.

[6]St. Rec. Vol. 1 of 2, Plea Minutes, 5/1/13; Plea Transcript, 5/1/13; Bill of Information (handwritten amendment).

[7]St. Rec. Vol. 1 of 2, Plea Minutes, 5/1/13; Plea Transcript, 5/1/13; Bill of Information (handwritten amendment); Waiver of Rights - Plea of Guilty, 5/1/13.

[8]St. Rec. Vol. 1 of 2, Plea Minutes, 5/1/13; Plea Transcript, 5/1/13; Multiple Bill, 5/1/13; Waiver of Rights - Plea of Guilty Multiple Offender, 5/1/13.

914;[9] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

On September 8, 2013, Jordan submitted an application for post-conviction relief to the Trial Court asserting the following grounds for relief:[10] (1) he was subjected to an unreasonable search and seizure; (2) he was denied due process where the State relied on a suggestive identification process based on the nickname "Black Carl" to secure probable cause for their actions; (3) the charges against the defendants should have been severed; and (4) he was subjected to malicious prosecution based on the misidentification.  The Trial Court denied the application with written reasons as meritless on November 8, 2013.[11]  The Trial Court's order was mailed to Jordan on November 12, 2013.[12]

In spite of this notice and his timely filing of a notice of intent to seek review, Jordan did not submit a writ application to the Louisiana Fourth Circuit Court of Appeal until after May 6, 2014.[13]

---

[9]Louisiana law requires a criminal defendant to move for leave to appeal within thirty(30) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[10]St. Rec. Vol. 1 of 2, Uniform Application for Post-Conviction Relief, 9/10/13 (dated 9/8/13).  The filing date is reflected on the state court's docket sheet.  St. Rec. Vol. 1 of 2, Docket Entry, 9/10/13.

[11]St. Rec. Vol. 1 of 2, Trial Court Judgment, 11/8/13.

[12]St. Rec. Vol. 2 of 2, Mailing to Jordan, 11/12/13.

[13]St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 2014-K-0570, 6/3/14 (see memorandum date 5/6/14); Notice of Intent, 12/9/13; 4th Cir. Order, 2013-K-1555, 12/2/13 (denying issuance of mandamus because the Trial Court ruled on November 8, 2013).

The Circuit Court denied the application on June 26, 2014, finding no error in the Trial Court's ruling.[14]

## II.    Federal Petition

On September 16, 2014, the Clerk of this Court filed Jordan's federal petition for habeas corpus relief in which he argues that he is entitled to federal review of his Fourth Amendment claims of unlawful search and seizure.[15]  Under a broad reading, Jordan contends that the state courts' findings of probable cause were based in part on false and suggestive identification evidence and misrepresentations in the police probable cause affidavits.  He therefore asserts that the denial of relief on the post-conviction claims was contrary to federal law.

The State filed a response in opposition to Jordan's petition conceding that the petition was timely filed and urging that he failed to exhaust state court remedies, leaving his claim in procedural default should he attempt to seek further state court review.[16]

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[17] applies to this petition, which is deemed filed in this Court no later than

---

[14]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2014-K-0570, 6/26/14.

[15]Rec. Doc. No. 4.

[16]Rec. Doc. Nos. 14.

[17]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

August 1, 2014.[18]  The threshold questions on habeas review under the amended statute are whether

the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits

in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in

"procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing

28 U.S.C. § 2254(b), (c)).

    The State concedes and the record reflects that Jordan's federal petition was timely filed.

The State also has urged that Jordan failed to exhaust available state court remedies and, without

sufficient explanation, that his claims would be placed in procedural default should he attempt to

complete state court review at this time.

    The Court recognizes that it can address the merits of a claim without requiring complete

exhaustion if relief will be denied.   28 U.S.C. § 2254(b)(2).   Generally, review of Fourth

Amendment issues, like those raised here, is not appropriate for federal habeas review without some

defect in the underlying state procedures related to the review of those issues.  *Stone v. Powell*, 428

U.S. 465 (1976).  This normally would give the Court a reason to not deny Jordan's petition without

requiring further exhaustion.  However, broadly construing Jordan's *pro se* petition and claims

reveals an underlying issue related to his claim of a false, suggestive or improper identification

process leading to his arrest.  This identification issue would not be barred under the *Stone v. Powell*

---

[18]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Jordan's federal habeas petition on September 16, 2014, after correction of certain deficiencies and the granting of pauper status.  Jordan dated his signature on the form petition on "8/_/14".  Affording him every benefit, the earliest date on which he could have submitted his pleadings to prison officials would have been August 1, 2014.

doctrine.  For this reason, and those to follow, the Court will recommend dismissal of the petition

for failure to exhaust.

## IV.     **Exhaustion Doctrine**

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all

claims in state court prior to requesting federal collateral relief."  *Preiser v. Rodriguez*, 411 U.S.

475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*,

455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be

dismissed if state remedies have not been exhausted as to all of the federal court claims."

*Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas

claim be fairly presented to the highest state court.  *Whitehead*, 157 F.3d at 387 (citing *Picard v.

Connor*, 404 U.S. 270, 275-78 (1971)).  "State prisoners must give the state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of the State's

established appellate review process," including discretionary review when that review is part of the

State's ordinary appellate review procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it

is to satisfy the 'fairly presented' requirement."  *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S.

at 275-78).  "This requirement is not satisfied if the petitioner presents new legal theories or new

factual claims in his federal application."  *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at

420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the

lower state courts if the claims were not specifically presented to the state's highest court.  *Baldwin*

*v. Reese*, 541 U.S. 27, 32 (2004).  Furthermore, a petitioner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised.  *Id.* at 32.  When ineffective assistance of counsel is raised in the state courts, the claim is not exhausted where the petitioner did not raise or mention the same basis in the state court proceedings that are asserted in a federal petition.  *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."); *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983) (finding that the factual bases underlying the ineffective assistance of counsel claim were "significantly different" from those raised in state court, and therefore, were not exhausted).

As outlined previously, Jordan raised his current arguments on post-conviction review in the state trial court and the Louisiana Fourth Circuit Court before filing his federal petition.  He did not, however, raise these claims to the Louisiana Supreme Court.  The State has submitted a letter, verified by the Clerk of the Louisiana Supreme Court, which reflects that, as of December 12, 2014, Jordan had not filed for any review of his conviction in the Louisiana Supreme Court.  The staff of the undersigned Magistrate Judge has confirmed with the Clerk of the Louisiana Supreme Court that, as of this writing, this fact is still true.  Jordan's claims, therefore, are not exhausted.

The record discloses no good cause for Jordan's failure to properly and fully exhaust his claims in the state courts, and the Court can find none from its review of the record.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  His *pro se* status would not excuse his failure to exhaust.  *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (finding that *pro se* status does not constitute "good cause" for failure to exhaust state remedies); *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) (finding that

ignorance of the law does not constitute "good cause" for failure to exhaust). Having found no good cause for his failure to exhaust, this petition should be dismissed without prejudice for Jordan's failure to exhaust available state court remedies.[19]

## V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Jordan's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[20]

New Orleans, Louisiana, this 24ᵗʰ day of February, 2015.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[19]Petitioner would not be entitled to a stay of these proceedings, should one be requested, where this is not a mixed petition and there has been no showing of good cause to provide that extraordinary relief. The Supreme Court has held that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines*, 544 U.S. at 278. The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," (emphasis added), and is appropriate only when the court determines that there was "good cause" for the failure to fully exhaust state court remedies on all claims raised. *Id.,* at 277; *see also Pliler v. Ford*, 542 U.S. 225, 233 (2004). There is no such showing here.

[20]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.